OPINION
Defendant, Charles Martin, was convicted in 1986 of two counts of attempted rape and one court of theft after he entered guilty pleas. The trial court sentenced Martin to a prison term of five to fifteen years. Subsequently, on July 6, 1999, a sexual predator hearing was held as a result of Martin's attempted rape convictions. Following that hearing the trial court filed its judgment entry designating Martin a sexual predator.
Charles Martin has timely appealed to this court from the trial court's classification of him as a sexual predator. Martin's appellate counsel filed an "Anders" brief, Anders v.California (1967), 386 U.S. 738, asserting an inability to findany meritorious issues for appellate review. Counsel also argued,however, that the evidence presented was insufficient to supportthe finding that Martin is a "sexual predator." We notifiedMartin of his appellate counsel's representations, and allowed himsixty days to respond pro se. No response has been received.
In his Anders brief Martin's appellate counsel presents one arguable issue for appellate review:
 THE TRIAL COURT ERRED IN RULING THAT APPELLANT WAS A SEXUAL PREDATOR WHEN THE DETERMINATION WAS NOT BASED UPON CLEAR AND CONVINCING EVIDENCE.
In classifying Martin as a sexual predator the trial court was required to find, by clear and convincing evidence, that Martin had been convicted of or had pled guilty to a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses. R.C.2950.01(E), R.C. 2950.09(B)(3). Martin's appellate counsel argues that this record does not contain clear and convincing evidence to support the trial court's finding that he is likely to reoffend. We disagree.
In making its determination that Martin is a sexual predator, the trial court considered: the report prepared by the adult probation department, the presentence investigation report, the probation report prepared for use in conjunction with Martin's request for shock probation, Martin's prior criminal history, a mental evaluation performed by Dr. Susan Perry-Dyer, and Martin's prison records.
We have examined the evidence presented and conclude that it demonstrates that Martin poses a high risk for reoffending. It demonstrates a willingness to sexually assault adult women, as well as an inclination to use force and cruelty against his victim. Martin continues to be in denial about forcing his victim to engage in sexual activity. Martin has not benefitted from whatever sex offender treatment he received in prison.
This record contains sufficient evidence to support the trial court's designation of Charles Martin as a sexual predator.
In addition to reviewing the issue raised by Martin's appellate counsel, we have conducted an independent review of the entire record in this case. We have been unable to find any prejudicial error in the proceedings of the trial court which deprived Martin of a fair trial. Accordingly, the judgment of the trial court will be affirmed.
 ______________________ GRADY, P.J.,
BROGAN, J. and WOLFF, J., concur.